UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1988

KEVIN CHRISTOPHER ADAMS,

Plaintiff - Appellant,

v.

MARK ELRICH MONTGOMERY COUNTY MARYLAND, in his official or non official Capacity; MONTGOMERY COUNTY MARYLAND; JOHN CHRISTIAN MOFFETT, Associate Judge, District Court of Maryland, District 6, Montgomery County, in his official and or non-official capacity; PATRICIA L. MITCHELL, District Administrative Judge, District Court of Maryland, District 6, Montgomery County, in her official and or non-official capacity; LYNN PERRY PARKER, ESQ., in her official and or non-official capacity; TANYA C. BERNSTEIN, ESQ., in her official and or non-official capacity; JOHN P. MORRISSEY, Chief Judge District Court Headquarters Maryland Judicial Center, in his official and or non-official capacity; JESSICA ARMSTRONG-REICHENBERG, Manager/Lead Intelligence Analyst Analytic and Technical Unit Department of Public Safety and Correctional Services, in her official and or non-official capacity; THOMAS TANNOZZINI, Parole and Probation Division, in his official and or non-official capacity; LYDIA E. LAWLESS, Bar Counsel, Attorney Grievances Commission of Maryland, in her official and or non-official capacity; RICHARD DEMOCKER, Vice President D-H Service Inc. in his official and or non-official capacity; JANET ROOT, Vice President Metro Management Services, LLC. in her official and or non-official capacity; ROCKVILLE CITY MARYLAND; BRIDGET DONNELL NEWTON, Mayor City of Rockville, in her official and or non-official capacity; MARKISHA GROSS, Administrative Clerk of the Court, District Court of Maryland, District 6, Montgomery Court, in her official and or non-official capacity; AL KERR, Court Security, District Court of Maryland, District 6, Montgomery County in his official and or non-official capacity; DEBORAH WESTLEY, Court Security, District Court of Maryland, District 6, Montgomery County in her official and or non-official capacity; JASON CAREW, Montgomery County Sheriff's Department, in his official and non-official capacity; SUNG LEE, County Sheriff's Department, in his official and non-official capacity; LARRY HOGAN, in his official and or

non-official capacity; JILL REID CUMMINS, District Administrative Judge, District Court of Maryland, District 6, Montgomery County in her official and or non-official capacity; ROBERT A. GREENBERG, Circuit Administrative Judge, 6th Judicial Circuit (Frederick and Montgomery Counties) and County Administrative Judge, in his official and non-official capacity; STEVEN G. SALANT, Associate Judge, District Court of Maryland, District 6, Montgomery County in his official and or non-official capacity; JOHN HAFER, Parole and Probation in his official and or non-official capacity; JUDY K. RUPP, Court Administrator, in her official and or non-official capacity; PATRICIA LISEHORA KANE, County Attorney, in her official and or non-official capacity; MICHAEL FRISK, Rockville City Police Department, in his official and or non-official capacity,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:20-cv-02366-PX)

———————————

Submitted: February 9, 2021                     Decided: April 15, 2021

———————————

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Kevin Christopher Adams, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Christopher Adams filed a complaint in district court against Montgomery County, various judiciary employees, and county and state officials and departments, on August 14, 2020. On September 3, 2020, the district court dismissed the complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a) and directed the Clerk to close the case. The next day, Adams attempted to file another complaint. This second complaint was not accepted for filing, but was returned to Adams with a notation stating, "[t]he Complaint was previously received on 8/14/2020 and was dismissed on 9/3/20." On September 14, 2020, Adams appealed the September 3 dismissal. He later attempted to file motions in the district court; the court did not accept the motions for filing and returned the documents to Adams.

On appeal, Adams does not directly challenge the district court's order dismissing his complaint without prejudice under Rule 8(a). Instead, he challenges only the court's subsequent failure to file his second complaint and his motions in the dismissed case. The district court did not abuse its discretion by refusing to file the complaint, which still failed to comply with Rule 8(a)'s requirement of a short and plain statement of his claims. *See, e.g., Turner v. United States*, 736 F.3d 274, 283 (4th Cir. 2013) ("We review a district court's decisions pertaining to the management of its own docket under an abuse of discretion standard."). Because the dismissal was without prejudice, if there are substantive differences in his second complaint or other circumstances would justify it, Adams may be able to file his second complaint as a new action in district court. On this subject we offer no opinion.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*